STATE OF CONNECTICUT *v.* GAYLORD SALTERS
(AC 24401)

Flynn, Harper and West, Js.

Argued February 14—officially released May 24, 2005

*Elizabeth M. Inkster*, senior assistant public defender, with whom, on the brief, was *E. Paul Haringa*, former assistant public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Gaylord Salters, appeals from the judgment of conviction, rendered following a jury trial, of two counts of assault in the first degree in violation of General Statutes §§ 53a-59 (a) (5) and 53a-8,[1] and one count of conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-59 (a) (5) and 53a-48 (a).[2] The defendant claims that the trial court violated his right to present a defense by precluding him from presenting testimony from an alibi witness at trial. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On November 24, 1996, the defendant participated in a gang related shooting in New Haven. The defendant,

---

[1] The state charged the defendant as either a principal or an accessory to the crimes.

[2] The court imposed a total effective term of forty years imprisonment, execution suspended after twenty-four years, to be followed by five years of probation.

a member of the Island Brothers street gang, drove behind an automobile being driven by Daniel Kelley. Either the defendant or an accomplice riding in his automobile fired on Kelley's automobile. Kelley sustained a gunshot wound to his shoulder and lost control of his automobile, causing it to crash into two vehicles parked nearby. Kelley's passenger, Kendall Turner, a member of the Ghetto Boys street gang, sustained a gunshot wound to his elbow. The Island Brothers and the Ghetto Boys, both of which were involved in illegal activity, had a hostile relationship marked by gun violence between rival gang members.

The following procedural history, evident from the record, is not in dispute. The defendant was arrested for the events underlying the conviction on December 5, 1996. The state filed a long form information on January 7, 1997, describing the date and time of the alleged crimes. On January 2, 1997, the state served the defendant with a demand for notice of an alibi defense and filed the same with the court. The state therein made demand on the defendant to "notify the [s]tate, in writing, of his intention to offer a defense of alibi" and, if he did intend to offer such defense, to "state, in writing, the specific place or places at which [he] claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi." The defendant did not notify the state that he intended to rely on an alibi defense until nearly six years later.

The parties completed jury selection on December 5, 2002. The court informed prospective jurors at the time of voir dire that trial would commence on or about December 10, 2002, and last approximately three or four days. After trial related proceedings concluded on December 5, 2002, the defendant's attorney served via facsimile a notice of alibi to the prosecutor's office.[3]

---

[3] The defendant's attorney sent the facsimile at 5:17 p.m.

The defendant filed the same with the court clerk on December 6, 2002.[4] On December 6, 2002, the state filed a motion to preclude the alibi testimony. The state argued that it was "severely prejudiced" by the defendant's untimely disclosure of an alibi defense on the eve of trial and, relying on *State* v. *Boucino*, 199 Conn. 207, 506 A.2d 125 (1986), asked for an order precluding the alibi evidence.

The court held a hearing on the state's motion on December 6, 2002. The defendant's attorney informed the court that he was not aware that an alibi defense existed until after court proceedings ended the day before. The defendant's attorney stated: "[A]s we were leaving the courthouse yesterday, [the defendant] asked why I hadn't said anything about alibi, and I said that I don't recall ever hearing about the alibi. He assured me that in 1996, I think it was, when this case was brand new, that he had told me about an alibi. And I simply don't recall that, but I . . . can't say that I don't have an affirmative recollection that it didn't happen. I simply don't recall it at all. Obviously, based on that [conversation], I did what I was obliged to do, which was immediately prepare a notice of alibi defense, which I did fax over to [the prosecutor's] office . . . ." The defendant's attorney responded to the state's motion by arguing, initially, that it was "very hard to imagine" that the untimely notice could cause any prejudice to the state. The defendant's attorney stated that the alibi witness was "well known to the state to be the long-time companion of [the defendant]."

---

[4] The notice stated in relevant part: "The defendant will present the testimony of Shanelle Carmichael (DOB: 9/22/76), 83 East Ramsdell Street, New Haven, CT, that at the time of the offenses charged, i.e., approximately 9:14 p.m. on September 24, 1996, the defendant was with her at 71 Downing Street, New Haven, CT." The defendant's attorney later acknowledged during argument that the date specified in the notice should have been "November 24, 1996."

The prosecutor represented that the alibi witness was someone "brand new" to him and that there was significant prejudice caused by the late notice. The prosecutor argued that in light of the six year span of time between the incident underlying the charges and the trial, the untimely disclosure effectively precluded the state from conducting a meaningful investigation into the alibi witness' story. The prosecutor argued: "[S]ix years later, there is no possible way that [the state] could find any actual evidence to rebut the factual statements that may be made during the course of this alibi presentation." Further, the prosecutor noted that even as of December 6, 2002, the state still had not interviewed the alibi witness. He stated: "[A]ll we know is that she claims to have been with him. We don't know what she claims to have done the rest of the day, what she was doing then, why they were together or any of that stuff." Further, the prosecutor argued that at such a late date, the alibi witness herself was the only source through whom the state could conduct meaningful discovery concerning the alibi.

The defendant's attorney responded to the prosecutor's arguments by indicating that the alibi witness likely would recall that she and the defendant were at home all day on November 24, 1996, caring for a sick infant. The defendant's attorney posited that the testimony was "pretty straightforward" and that it was "a little hard . . . to imagine that . . . the cross-examination of this witness would have been any different" had the state had an earlier opportunity to investigate the alibi witness' story. The defendant's attorney also argued that the state still had the opportunity to investigate the alibi witness and to take a statement from her. By means of a detailed oral decision, the court granted the state's motion, thereby precluding the defendant from calling any third party witness to support an alibi defense.

The defendant claims that the court's ruling violated his right to present a defense under the sixth amendment to the United States constitution. "The defendant's right to present his own witnesses to establish a defense . . . is a fundamental element of due process of law. . . . This includes the right to present alibi witnesses . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Bryant*, 202 Conn. 676, 704, 523 A.2d 451 (1987). "The sixth amendment right to compulsory process includes the right to offer the testimony of witnesses, and to compel their attendance, if necessary, [and] is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so that it may decide where the truth lies." (Internal quotation marks omitted.) *State* v. *Cerreta*, 260 Conn. 251, 260–61, 796 A.2d 1176 (2002).

The record reflects that the defendant, while arguing against preclusion of the alibi evidence as a sanction for late disclosure under our rules of practice, did not distinctly raise a claim that such preclusion would deprive him of his constitutional right to present a defense.[5] Consequently, the court did not address such a claim in its ruling. This court is not bound to consider claims that were not raised distinctly at trial unless they arose subsequent to trial or an extraordinary basis for review exists. See Practice Book § 60-5; *State* v. *Williams*, 60 Conn. App. 575, 578, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000).

The defendant seeks review under the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567

---

[5] The defendant's attorney referred to the defendant's right to present a defense during argument on the state's motion to preclude only once, in passing. The defendant's attorney stated: "[T]o preclude the evidence because of my defective memory would be to deny [the defendant] a sixth amendment right and, obviously, that that would be a matter that could be addressed in a subsequent proceeding . . . ."

A.2d 823 (1989). We will review the claim because the record is adequate for review, and the claim is of constitutional magnitude. A court's preclusion of alibi evidence as a sanction for failure to comply with the rules of discovery does not violate a defendant's constitutional rights per se. If the court's preclusion of alibi evidence reflects a sound exercise of discretion, the defendant cannot claim that a constitutional violation exists. We will dispose of the claim under *Golding*'s third prong because the defendant has failed to demonstrate that a constitutional violation clearly exists that clearly deprived him of a fair trial.

"[T]he right of a defendant to present a defense is subject to appropriate supervision by the trial court in accordance with established rules of procedure and evidence . . . ." (Citations omitted.) *State* v. *Carter*, 228 Conn. 412, 426–27, 636 A.2d 821 (1994). In *State* v. *Boucino*, supra, 199 Conn. 209–16, our Supreme Court upheld the constitutionality of the trial court's authority to preclude alibi evidence as a sanction for a criminal defendant's failure to comply with our "notice of alibi" discovery rules. The defendant in *Boucino* failed to comply with the notice requirements of Practice Book § 40-21 (then § 763) and untimely filed a notice of alibi. *State* v. *Boucino*, supra, 211. The trial court precluded the alibi evidence. Id. On appeal to our Supreme Court, the defendant claimed, inter alia, that the preclusion violated his sixth amendment right to present a defense. Id., 213.

Our Supreme Court held that in cases in which the preclusion of alibi evidence is justified under the rules of practice, the preclusion does not violate a defendant's right to present a defense. Id., 213–14. In reaching its holding, the court stated: "The sixth amendment does not confer the right to present testimony free from the legitimate demands of the adversary system. . . . The adversary system of trial is hardly an end in itself;

it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system [for a notice of alibi rule] which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." (Citations omitted; internal quotation marks omitted.) Id., 213.

The court then set forth considerations that the trial court must weigh when ruling on a motion to preclude alibi evidence for failure to comply with the rules of discovery concerning the alibi defense. "[E]xclusion of alibi witnesses may not be justified in all cases where the defendant has failed to comply with the discovery rules. The trial court must weigh the need for exclusion against the defendant's right to present a defense. . . . The decision is within the sound discretion of the trial court and will turn on the facts of the particular case. Factors which the trial court must consider include: whether the disclosure violation was technical or substantial, the timing of the ultimate disclosure, the reason, if any, for the violation, the degree of prejudice to the parties respectively offering and opposing the evidence, whether any resulting prejudice might be cured by a postponement and, if so, the overall desirability of a continuance." (Citation omitted; internal quotation marks omitted.) Id., 214.

In the present case, the defendant's failure to comply with Practice Book § 40-21[6] is not in dispute. The court

[6] Practice Book § 40-21 provides: "Upon written demand filed by the prosecuting authority stating the time, date, and place at which the alleged offense was committed, the defendant shall file within twenty days, or at such other time as the judicial authority may direct, a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi."

properly noted that the notice of alibi was well beyond the twenty day time limit set forth in Practice Book § 40-21 in that the disclosure was nearly six years late. Practice Book § 40-5 provides in relevant part: "If a party fails to comply with disclosure as required under these rules, the opposing party may move the judicial authority for an appropriate order. The judicial authority hearing such a motion may enter such orders and time limitations as it deems appropriate, including, without limitation . . . (4) [p]rohibiting the non-complying party from introducing specified evidence . . . ."

The court referred specifically to *Boucino* and discussed each of the factors set forth therein in granting the state's motion to preclude. First, the court found that the disclosure violation was substantial, rather than technical. In that regard, the court observed that the defendant had told the state "nothing" about the alibi witness until it filed its December 6, 2002 notice.

Second, the court noted that although the relief sought by the state would cause prejudice to the defendant, the defendant's noncompliance caused a significant degree of prejudice to the state. Specifically, the court stated that efforts by the state to investigate the alibi were "almost doomed to failure because of the extreme lateness of . . . the filing." In discussing the prejudice to the defendant, the court noted that its ruling did not preclude the defendant from testifying concerning the alibi, if he so decided.[7]

Third, the court discussed whether any degree of prejudice incurred by the defendant because of its ruling might be cured by a postponement of the trial and whether a postponement was feasible. The court explained, in that regard, that it was concerned about the effect that any delay would have on the jury that

---

[7] The defendant did not testify at trial.

already had been selected for the trial, which was scheduled to begin in a matter of days. The court reminded the parties that the jury already had been selected for a "specific short period of time." At one point during argument on the state's motion, the court stated that had the notice of alibi been filed, "however belatedly, immediately prior to jury selection," it would have been more willing to explore the idea of continuing the proceedings. The court, however, stated: "[U]nder these circumstances, we've chosen the jury. The jury has been chosen for a time certain, and we are approaching on the holiday season and any continuance, in my experience, would be catastrophic. I just don't believe that a continuance is reasonably possible in these circumstances."

Fourth, the court considered the reason set forth for the timing of the disclosure. The court stated: "[The] belated notice does not seem to me to have any reasonable excuse." The court also noted that the defendant had been present in the courtroom during jury selection and had heard his attorney read the list of potential witnesses to the prospective jurors, a list that did not include the name of the alibi witness. The court reasoned that the defendant reasonably could not have missed the mention of the witness' name. The court deemed the late notice to be nothing less than a "last minute surprise" by the defendant.

The defendant first takes issue with the court's subordinate conclusion that the violation was substantial. The defendant posits that the violation was not substantial, but merely technical, because the disclosure occurred four days prior to the presentation of evidence in the trial. The defendant suggests that "[t]he state had more than enough time to interview the [alibi] witness, investigate the rather simple nature of her claim, modify its opening statement if necessary and prepare for cross-examination." It is undisputed that the defendant

did not disclose *any* information about the alibi witness until nearly six years after the state had filed its demand for alibi. We conclude that the violation clearly was substantial.[8] See, e.g., *State* v. *Turner*, 252 Conn. 714, 729, 751 A.2d 372 (2000) (holding violation to be substantial when disclosure of alibi witness occurred more than one year after state's demand for alibi); *State* v. *Boucino*, supra, 199 Conn. 214 (holding violation to be "rather substantial" when disclosure of alibi witness occurred two years after state's demand for alibi); *State* v. *Horne*, 19 Conn. App. 111, 132, 562 A.2d 43 (1989) (holding violation to be substantial when disclosure of alibi witness occurred approximately three months after state's demand for alibi), rev'd on other grounds, 215 Conn. 538, 577 A.2d 694 (1990).

The defendant next claims that the court improperly concluded that there was no good reason for the lateness of the disclosure. The defendant claims that "[i]t is apparent from defense counsel's proffered reasons for the late disclosure that the timing of the disclosure was in no way structured to gain tactical advantage for the defense or to put the state at any disadvantage." The defendant argues that his counsel "simply forgot" that he had informed him of the alibi defense or "had misplaced said information" concerning his alibi defense. The defendant argues that the court's sanction for his counsel's "inadvertent actions" unjustly deprived him of his only defense and that the reason set forth for the late disclosure was "entirely plausible and eminently understandable."

---

[8] In his reply brief, the defendant argues that a violation cannot be deemed "substantial" unless disclosure of the alibi witness occurs during the presentation of evidence. The defendant relies on the fact that in *Taylor* v. *Illinois*, 484 U.S. 400, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988), *State* v. *Sanchez*, 200 Conn. 721, 513 A.2d 653 (1986), and *State* v. *Boucino*, supra, 199 Conn. 207, violations that were deemed to be substantial occurred during the presentation of evidence. We do not interpret those cases to require that a late disclosure must occur during the evidentiary phase of the trial before it can be deemed to be a substantial violation of the rules of discovery.

At the hearing on the motion, the defendant's attorney represented that the defendant had told him about the alibi witness only one day earlier. He stated that he did not recall whether the defendant had told him about the witness previously and that his files did not reflect any information about the witness. The defendant's attorney related his client's belief that he had discussed the alibi witness with him at an earlier time and his own belief that his own inadvertence may have hurt his client's defense. The court was not obliged to accept as true the representations of the defendant's attorney and, even if it did, it need not have concluded, as a matter of law, that the representations weighed against imposition of the sanction sought by the state. Contrary to the representations of the defendant's attorney, the court did not find that the defendant's counsel inadvertently had failed to disclose the defendant's alibi.[9] Instead, the court stated that "[t]he only excuse I can think of is that [the defendant] may have just mentioned this to [his attorney], but I don't believe that's a reason for the excuse." The court went on to deem the failure to disclose to be a "last minute surprise" by the defendant.

"Where disclosure is intentionally withheld, ordinarily there is no abuse of discretion in excluding proffered testimony." *State* v. *Boucino*, supra, 199 Conn. 215. "It is . . . reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed." *Taylor* v. *Illinois*, 484 U.S. 400, 414, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). If the alibi witness was, as the defendant argues, his only means of defense, it was not unreason-

---

[9] The defendant did not request a separate hearing in which to establish the reason for the untimely disclosure, but relied on the representations of his attorney to the court. "Once the state has established that the defendant has failed to comply with the Practice Book discovery rules, it is incumbent on the defendant to make a showing of good cause . . . or to request a remedy other than exclusion of the alibi testimony." *State* v. *Boucino*, supra, 199 Conn. 215.

able for the court to view with suspicion the disclosure of that evidence on the eve of trial. On the basis of the representations of the defendant's attorney as well as the court's evaluation of those representations, we are unable to disagree with the court's determination that the defendant failed to set forth a reason for the late disclosure that merited a denial of the state's motion to preclude.

The defendant also challenges the court's conclusion that the violation was prejudicial to the state. The defendant argues that disclosure occurred "four full days before the commencement of evidence" and that his violation of the disclosure rules "placed [the state] in an advantageous position to attack said alibi defense." The defendant posits that had the court permitted the alibi evidence, the state would have been entitled to a jury instruction concerning the late disclosure and would have been permitted to bring the impropriety of the late disclosure to the jury's attention. The defendant argues: "This would certainly provide a rich source for [the state's] cross-examination and a strong argument for the state to present to the jurors for their consideration. Viewed from this perspective, not only was the timing of the defense disclosure nonprejudicial to the state, it was, in fact, quite advantageous."

Prejudice in this context is measured by a party's inability to investigate and to prepare for trial; it has nothing to do with a party's ability to point out to the jury its adversary's discovery violations. "[T]he ends of justice will best be served by a system . . . [that] gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." (Internal quotation marks omitted.) *State* v. *Bronson*, 258 Conn. 42, 54, 779 A.2d 95 (2001). "The purpose of criminal discovery is to prevent surprise and to afford the parties a reasonable opportunity to prepare for trial." (Internal

quotation marks omitted.) *State* v. *Wilson F.*, 77 Conn. App. 405, 419, 823 A.2d 406, cert. denied, 265 Conn. 905, 831 A.2d 254 (2003).

The court properly considered the likely detrimental effect of the late disclosure on the state's efforts to interview the alibi witness and to mount a late investigation on the eve of trial. See *State* v. *Turner*, supra, 252 Conn. 729; *State* v. *Horne*, supra, 19 Conn. App. 132. It cannot be disputed reasonably that the defendant's violation of the alibi notice rules deprived the state of a fair opportunity to investigate the alibi witness and her testimony. The admission of testimony from the alibi witness effectively would have required the state, through no fault of its own, to conduct a rushed investigation of a key witness disclosed merely days before trial. Another consequence of the lateness of the disclosure was that presentation of the testimony would have required the state to begin investigating a claim of alibi that occurred more than six years earlier. The passage of time would have negatively affected the state's ability to investigate the proffered alibi witness and her testimony. It was reasonable to conclude that the state was in a far better position to investigate the alibi evidence in January, 1997, than it was four days before trial in December, 2002. In light of the substantial nature of the violation, we do not take issue with the court's determination that presentation of the testimony significantly and unfairly would have prejudiced the state's ability to prosecute the case.

The defendant also claims that the degree of prejudice caused to him by the preclusion of the evidence was far greater than the degree of prejudice that the state would have suffered had the court permitted the evidence. The defendant argues that the preclusion of the evidence clearly deprived him of his right to present a defense and that the court's ruling had the effect of requiring him to take the witness stand if he wanted to

assert his alibi defense. The defendant argues that he had the burden of establishing an alibi defense, if he so decided, and that "[w]hether the state's cross-examination [of his alibi witness] is more or less effective is immaterial compared to [his] overall right to present a defense." The defendant essentially discounts any prejudice caused to the state as well as his substantial violation of the rules of discovery. The defendant also overlooks the fact that in reaching its ruling, the court deemed his late disclosure to be anything but benign in nature. The factors that the court considered in ruling on the state's motion are not mutually exclusive. Under the defendant's rationale, a court never would be permitted to sanction a defendant by precluding an alibi witness because such preclusion implicates a defendant's right to present a defense. Our Supreme Court already has held that when the sanction is appropriate, its imposition does not violate a defendant's constitutional rights. *State* v. *Boucino*, supra, 199 Conn. 213–14.

Finally, the defendant claims that "[t]he prejudice caused to both parties would have been eliminated had the court granted a continuance." The defendant suggests that the court failed to explore the possibility of selecting more jurors if the jurors selected could not bear a delay or, if the need arose, of "simply" declaring a mistrial. We agree with the court that it was unlikely that a continuance would ameliorate the prejudice caused to the state by the substantial delay in disclosure.

Nevertheless, the court noted that had the alibi evidence been brought to its attention just prior to jury selection, it would have been more receptive to granting a continuance, if such relief was warranted. The court certainly had the option of granting a continuance, but that does not mean that granting a continuance was a desirable option. In evaluating the desirability of granting a continuance, the court properly considered the

effect that a continuance would have on the jury that already had been selected. The court referred to the fact that the jury had been selected to serve for a specific short period of time and that a delay likely would have been detrimental to the jurors' ability to serve. The court was in a superior vantage point than are we to evaluate the likely effect on the jury of a delay in the proceedings, and we find no reason to disagree with the court's assessment.

The defendant suggests that additional jurors could have been chosen to replace those who could not serve due to an altered trial schedule or that the court could have declared a mistrial. A delay in proceedings would cause inconvenience to the jurors selected for trial. Additional jury selection or a mistrial would cause inconvenience to the court and the state, and would occasion the use of additional judicial resources. The court obviously determined that this was not a case in which the adverse consequences of the defendant's noncompliance should be borne by the court system, the jury or the state. In light of the court's other determinations as well as the undisputed record, we are unable to disagree with the court's determination in that regard.

The court undertook the appropriate analysis in ruling on the state's motion to preclude the alibi testimony. It did not grant the extraordinary relief sought until it considered the unique circumstances of the late disclosure of the alibi defense. We conclude that the defendant has failed to demonstrate that the court's preclusion of the proffered alibi evidence reflected an abuse of discretion. Consequently, the defendant's claim that the adverse ruling deprived him of a right to present a defense must fail.

The judgment is affirmed.

In this opinion the other judges concurred.