GAYLORD SALTERS *v.* COMMISSIONER
OF CORRECTION
(AC 32473)

DiPentima, C. J., and Bear and Borden, Js.

Argued October 18, 2012—officially released February 26, 2013

*Mary Boehlert*, assigned counsel, for the appellant (petitioner).

*Rocco A. Chiarenza*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. Following the granting of certification to appeal by the habeas court, the petitioner, Gaylord Salters, appeals from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. The petitioner claims that the court (1) improperly rejected his claim of ineffective assistance of counsel and (2) erroneously rejected his claim that he was denied a fair trial due to the prosecutor's failure to disclose material, exculpatory information. We affirm the judgment of the habeas court.

The following facts and procedural history set forth by the court in its memorandum of decision and supported by the record are relevant to the resolution of this appeal. On November 24, 1996, the petitioner participated in a gang related shooting in New Haven. At the time of the shooting, the petitioner was a member of the Island Brothers street gang, and the Ghetto Boys were a rival street gang. On that day, the petitioner and an accomplice followed a car driven by Daniel Kelley, a member of the Ghetto Boys. Either the petitioner or his accomplice fired gunshots into Kelley's car, and

Kelley sustained a gunshot wound to his shoulder. Kendall Turner, a passenger in Kelley's car and also a member of the Ghetto Boys, sustained a gunshot wound to his elbow. Kelley's wound caused him to lose control of the vehicle, and he crashed into two nearby cars.

The petitioner was arrested and charged with two counts of assault in the first degree pursuant to General Statutes §§ 53a-59 (a) (5) and 53a-8, and one count of conspiracy to commit assault in the first degree pursuant to General Statutes §§ 53a-59 (a) (5) and 53a-48 (a). At trial, the petitioner was represented by John R. Williams (defense counsel). Defense counsel had defended the petitioner in cases prior to the present action, and he referred to himself as " 'almost in-house counsel' " for the Island Brothers and for the petitioner. Defense counsel filed an untimely notice of alibi on "the eve of trial" on December 5, 2002. The state filed a motion to exclude alibi evidence on December 6, 2002. The court granted the state's motion that day, noting that its order pertained only to third party alibi witnesses and did not preclude the petitioner from testifying and offering an alibi on his own behalf. The petitioner was convicted by a jury of all charges and was sentenced to forty years imprisonment, execution suspended after twenty-four years, followed by five years probation. The petitioner appealed his conviction, claiming that the trial court violated his right to present a defense by precluding him from presenting testimony from an alibi witness at trial. See *State* v. *Salters*, 89 Conn. App. 221, 222, 872 A.2d 933, cert. denied, 274 Conn. 914, 879 A.2d 893 (2005). This court upheld the petitioner's conviction. Id., 236.

The petitioner subsequently filed this second amended petition for a writ of habeas corpus in 2009. In it, he claimed that he was denied due process because

the prosecutor withheld material, exculpatory impeachment information in that the prosecutor failed to provide such information pertaining to Turner, who had testified for the state in the criminal trial. He further claimed ineffective assistance of counsel because defense counsel failed to (a) sufficiently investigate, discover and present to the jury information regarding Turner's statement, (b) conduct sufficient discovery and (c) sufficiently advise the petitioner of his right to apply for sentence review.[1]

The second amended petition was tried before the habeas court, and defense counsel, the petitioner, the petitioner's girlfriend, the petitioner's mother, Turner and Kelley testified. Defense counsel testified in part that the petitioner did not provide him with an alibi until the night before trial was scheduled to begin. The court denied the petition for a writ of habeas corpus in a memorandum of decision. The court based its denial in part on its conclusion that defense counsel's testimony was more credible than the petitioner's testimony. Further, the court determined that defense counsel did investigate Turner's history of criminal convictions prior to the petitioner's trial and that the prosecutor disclosed all of the information he had pertaining to Turner.

This appeal followed. On appeal, the petitioner claims that the habeas court improperly (1) rejected his claim of ineffective assistance of counsel and (2) rejected his claim that he was denied the right to a fair trial by the prosecutor's failure to disclose material, exculpatory information. Additional facts will be set forth as necessary.

I

The petitioner first claims that the habeas court improperly rejected his claim of ineffective assistance

---

[1] The habeas court determined that the petitioner's claims pertaining to sentence review had been abandoned. This is not an issue raised on appeal.

of counsel. Specifically, the petitioner argues that defense counsel failed to investigate the case properly and to file timely notice of the petitioner's alibi. We disagree.

"When a [petitioner] complains of the ineffectiveness of counsel's assistance, the [petitioner] must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* v. *Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "To satisfy the prejudice prong [of *Strickland*], a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Michael T.* v. *Commissioner of Correction*, 307 Conn. 84, 91, 52 A.3d 655 (2012). Thus, the task before us is to determine whether the court appropriately determined that defense counsel's actions were objectively reasonable so as not to prejudice the petitioner.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review." (Internal quotation marks omitted.) *Brown* v. *Commissioner of Correction*, 131 Conn. App. 497, 500–501, 27 A.3d 33, cert. denied, 303 Conn. 905, 31 A.3d 1181 (2011). Here, the habeas court concluded that the petitioner did not provide an alibi until the eve of trial. In making that conclusion, the court determined that defense counsel's testimony was more credible than the petitioner's testimony. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 717, 946 A.2d 1203,

cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 96 Conn. App. 854, 857, 902 A.2d 701, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006).

It is not this court's role to second guess the habeas court's conclusion that defense counsel's testimony was more credible than the petitioner's testimony. The habeas court noted that "it is indisputable that [defense counsel] did not file the notice of alibi in a timely manner" and that "[t]here is a disputed issue of fact between the petitioner and . . . defense counsel." The court concluded that the petitioner did not disclose the alibi defense to defense counsel "until the eve of trial." The court stated: "While the testimony of an attorney is not inherently more credible as a matter of law . . . [t]he petitioner and his mother have a motive to fabricate [and] . . . [t]he court cannot identify any motive to lie by [defense counsel] . . . ."

It is the exclusive purview of a trier of fact to determine the credibility of witnesses, and this court does not review such determinations. Here, the court determined that defense counsel was more credible than the petitioner in concluding that defense counsel acted reasonably in filing the late notice of the petitioner's alibi. Further, the court determined that "the strategic decisions of [defense] counsel [were] within the acceptable range of performance." We conclude that the court did not err in rejecting the petitioner's claim of ineffective assistance of counsel on this basis.

## II

The petitioner also claims that he was denied due process. Specifically, the petitioner argues that the state failed to disclose information regarding the disposition of Turner's 1995 arrest for gun charges, in violation of *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The state argues that the petitioner's *Brady* claim is procedurally defaulted.[2] We agree and therefore decline to reach the merits of the petitioner's claim as to this issue.

A party in a habeas appeal procedurally defaults on a claim when he raises issues on appeal that were not properly raised at the criminal trial or the appeal thereafter. See *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 132, 629 A.2d 413 (1993); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991). "Habeas, as a collateral form of relief, is generally available to litigate constitutional issues only if a more direct route to justice has been foreclosed through no fault of the petitioner." *Tart* v. *Commissioner of Correction*, 94 Conn. App. 134, 139, 892 A.2d 298, cert. denied, 278 Conn. 904, 896 A.2d 106 (2006). "[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard. . . . A court will not reach the merits of the

---

[2] We note that the court did not address the question of procedural default in its memorandum of decision and evaluated the petitioner's claim on the merits. This does not preclude our review. "[When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489–90, 944 A.2d 340 (2008).

habeas claim when the petitioner fails to make the required showing." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 788, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009). "The appropriate standard for reviewability of [a procedurally defaulted claim] . . . is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Internal quotations marks omitted.) Id., 787.

In the present case, the petitioner had an available avenue for his *Brady* claim outside of this habeas action. The petitioner and defense counsel were aware of Turner's history of arrests at the time of trial. At trial, defense counsel specifically discussed Turner's records and his belief in his entitlement to them, stating, in pertinent part: "It seems to me that what I need to have are the rap sheets that show dispositions, even if they are nolles. Now I know we have an erasure statute. But I know that the erasure as defined by the statute doesn't mean that it ceases to exist. It means it is sealed. And I believe I'm entitled to that." The prosecutor responded: "I've disclosed everything I have access to . . . . I—the only place where the record of [Turner's] arrest on the gun charge involving the gun . . . exist

in a computer printout from this police department which says warrant served. After [t]hat, we have records that long ago from the [Superior Court] simply don't exist . . . . They've been purged from the record center in Hartford. We wouldn't have access to them . . . ."

Although defense counsel discussed his theories as to the records' existence at length at trial, he did not ask for an evidentiary hearing at that time. The court granted him the ability to ask Turner, outside of the presence of the jury, about the arrest. When asked whether he had been formally charged with possession of a firearm, Turner responded that he had not been, and when asked if he had been fingerprinted in relation to the gun charge, he also replied that he had not been. When defense counsel asked Turner if he thought the case was "fixed" so he would not get charged, Turner answered, "I don't know." Defense counsel extensively examined Turner on his criminal history, and noted that history in his closing argument, but he did not seek further disclosure from the state for the purposes of claiming a *Brady* violation. On direct appeal, the petitioner claimed only that he had not been allowed to present a defense adequately due to the court's denial of his motion to present an alibi witness. *State* v. *Salters*, supra, 89 Conn. App. 222. The petitioner was aware of the records he now claims were unlawfully withheld at the time of trial and his direct appeal, and he could have raised the alleged violation at trial or on direct appeal. In other words, there was a direct route to raise a *Brady* violation that the petitioner did not take. For that reason, we find that his claim of unlawful withholding of evidence pertaining to Turner's prior criminal charges is procedurally defaulted.

The petitioner did not demonstrate good cause for his failure to raise this claim at trial or on direct appeal. At trial, defense counsel questioned Turner about his

criminal charges and the possibility of an erased record was discussed at length, but defense counsel made no motion or argument indicating the petitioner's desire for an evidentiary hearing to examine the possible *Brady* violation he now raises. After trial and his direct appeal; see *State* v. *Salters*, supra, 89 Conn. App. 221 (petitioner claimed ineffective assistance only as to defense counsel's failure to present notice of petitioner's alibi in timely manner); the petitioner stated in his reply to the state's return only that he denied the state's claim of procedural default because "the facts giving rise to each of the [p]etitioner's claims are outside of the record of the trial court proceedings; they could not have been raised on direct appeal." This is not the case. The petitioner was aware of the possible charges and had examined Turner extensively about them; defense counsel had asked for all records pertaining to Turner and the state answered that it had provided all available responsive records. The petitioner did not ask for, nor did the court make, any determination that prosecutorial impropriety had occurred. Clearly, the petitioner had sufficient facts to raise a *Brady* claim at trial or directly thereafter on appeal.

Further, at the habeas proceeding, the petitioner did not demonstrate good cause for his failure to raise a *Brady* claim. The petitioner's counsel indicated that defense counsel was aware of Turner's various criminal charges at trial and that he had investigated the information. The habeas court noted that there were missing records,[3] and after such notation, the petitioner's counsel continued to examine Turner in detail about his criminal history and the missing records. Although the petitioner's counsel continued to question the lack of records, just as defense counsel did at trial, he did not allege or present evidence of a cause for the petitioner's

---

[3] The court stated, "[i]f there's no record, there's no record."

failure to claim a *Brady* violation with regard to that lack.

"[When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489–90, 944 A.2d 340 (2008). Further, pursuant to *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), the seminal case regarding procedural default, a petitioner must prove *both* cause and prejudice in order to overcome procedural default. Because "[c]ause and prejudice must be established conjunctively, we may dispose of [a] claim if the petitioner fails to meet either prong." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 68 Conn. App. 376, 385, 791 A.2d 640, cert. denied, 260 Conn. 913, 796 A.2d 557 (2002). At no time during the habeas proceedings did the petitioner allege cause for not bringing a *Brady* claim at trial or on direct appeal. We conclude that on this claim the petitioner was procedurally defaulted.

The judgment is affirmed.

In this opinion the other judges concurred.