CHRISTOPHER LUKOWSKI *v.* COMMISSIONER OF
CORRECTION
(AC 25762)

Bishop, DiPentima and Gruendel, Js.

Submitted on briefs September 28—officially released October 25, 2005

*Emmet P. Hibson, Jr.*, special public defender, filed a brief for the appellant (petitioner).

*Matthew C. Gedansky*, state's attorney, and *Leon F. Dalbec, Jr.*, and *Angela R. Macchiarulo*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Christopher Lukowski, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

On December 21, 2001, the petitioner pleaded guilty to sale of marijuana and violation of probation, and was sentenced to three years of incarceration and three years of special parole. The petitioner filed a petition for a writ of habeas corpus, claiming ineffective assistance of counsel based on the assertion that his trial attorney failed to explain that his sentence involved special parole rather than probation. In denying the petition, the court determined that the petitioner had failed to prove that the performance of his counsel was deficient or that he was prejudiced by the performance of his counsel. The court found that the petitioner had understood his sentence on the basis of the facts that he repeatedly had assured the sentencing court that he understood his sentence, was satisfied with the advice of his attorney and did not have any questions. The court further found that even if counsel's performance had been deficient, the petitioner was not prejudiced because, by his admission, he would not have taken his case to trial. The court subsequently denied the petition for certification to appeal. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he raises on appeal are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.