ALLEN TART *v.* COMMISSIONER OF CORRECTION
(AC 25991)

Bishop, DiPentima and Hennessy, Js.

Submitted on briefs January 13—officially released March 7, 2006

*Debra M. Munson*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Christine Collyer*, special deputy assistant state's attorney, and *Linda N. Howe*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Allen Tart, appeals after the habeas court denied his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner asserts that the court abused its discretion in denying his petition for certification. He claims, further, that the proof educed at trial entitles him to habeas relief. We, in turn, dismiss the appeal.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. On March 1, 1995, the petitioner pleaded guilty, pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to manslaughter in the first degree in violation of General Statutes § 53a-55 (a), robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), kidnapping in the first degree with a firearm in violation of General Statutes § 53a-

92a, conspiracy to commit kidnapping in the first degree in violation of General Statutes § 53a-92, larceny in the first degree in violation of General Statutes § 53a-122 (a) (3), carrying a pistol without a permit in violation of General Statutes § 29-35, three counts of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a) and robbery involving an occupied motor vehicle in violation of General Statutes § 53a-136a. All of those offenses related to events that took place on October 17, 1993, in New Haven. Also on March 1, 1995, the petitioner pleaded guilty pursuant to the *Alford* doctrine to possession of a weapon or dangerous instrument in a correctional facility in violation of General Statutes § 53a-174a (a) and arson in the second degree in violation of General Statutes § 53a-112 (a) (1) (A), both offenses relating to incidents that took place on July 19, 1994, and August 15, 1994, while the petitioner was in pretrial custody.

On March 21, 1995, the petitioner filed a motion to dismiss his trial counsel for ineffective representation. After the motion was granted on the papers, attorney James A. Shanley, Jr., was appointed to represent the petitioner. Thereafter, on April 14, 1995, Shanley filed a motion to withdraw the petitioner's guilty pleas on the grounds that they were not accepted in compliance with the requirements of our rules of practice, were not entered knowingly and voluntarily, and were the result of ineffective legal representation. Following an evidentiary hearing on April 21, 1995, the court, *Damiani, J.*, denied the petitioner's motion and, pursuant to the parties' plea negotiations, sentenced the petitioner to a total effective term of twenty-five years incarceration.[1]

---

[1] The court sentenced the petitioner to fifteen years incarceration on the manslaughter count, seven years on the robbery count to be served consecutively to the manslaughter sentence, and three years on the robbery involving an occupied motor vehicle count, to be served consecutively to the manslaughter and robbery sentences. On all other counts, the court sentenced the petitioner to five years incarceration to be served concurrently

Following his sentencing, the petitioner appealed to this court, asserting that his guilty pleas for larceny, conspiracy and arson were not supported by a factual basis, that the nature of the charges was not adequately explained to him to ensure that he fully understood the crimes to which he pleaded guilty and, finally, that his pleas were not voluntary. In response, this court issued a per curiam decision affirming the judgment of conviction. See *State* v. *Tart*, 43 Conn. App. 923, 686 A.2d 139 (1996).

This habeas action was commenced by a two count petition in which the petitioner alleged that (1) due to the ineffective assistance of trial counsel, he pleaded guilty to robbery and larceny for which he received separate sentences resulting in an illegal sentence, and (2) he was denied the effective assistance of appellate counsel because that counsel failed to file with the Supreme Court a petition for certification to appeal from this court's adverse decision on his direct appeal. In response, the respondent, the commissioner of correction, filed a return asserting that the petitioner was procedurally defaulted from raising a claim that he was sentenced illegally for both robbery and larceny because he did not challenge the legality of his sentence on direct appeal. The respondent also argued that the doctrine of res judicata prevented the petitioner from relitigating issues already decided on direct appeal. After an evidentiary hearing, the court dismissed the petition and, thereafter, denied the petition for certification to appeal from the dismissal of the habeas petition. This appeal followed.

Once a habeas court denies a petition for certification to appeal from an adverse judgment, a petitioner can obtain appellate review only by satisfying the two-

___

with one another and with the sentence on the manslaughter, robbery and robbery involving an occupied motor vehicle charges.

pronged test adopted by our Supreme Court in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Lukowski* v. *Commissioner of Correction*, 92 Conn. App. 133, 135, 883 A.2d 829 (2005). Our careful review of the record leads us to conclude that the trial court did not abuse its discretion in denying the petition for certification to appeal.

As to the petitioner's claim regarding his alleged illegal sentence, we note that the petitioner did not raise that issue on direct appeal. He also, apparently, has not filed a motion pursuant to Practice Book § 43-22 to correct an illegal sentence.[2] Previously, our Supreme Court has stated that before seeking to correct an illegal sentence in the habeas court, "a defendant either must raise the issue on direct appeal or file a motion pursuant to [Practice Book] § 43-22 with the trial court." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001). Although in this instance, unlike the situation in *Cobham*, the petitioner did not ask the habeas court to correct an illegal sentence, but rather

---

[2] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." A sentence is illegal if it "either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

.

asked to have his sentence and conviction overturned, the reasoning of *Cobham* is equally applicable to the facts and procedural history at hand. Habeas, as a collateral form of relief, is generally available to litigate constitutional issues only if a more direct route to justice has been foreclosed through no fault of the petitioner. See *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 589 A.2d 1214 (1991). In this instance, the petitioner provided no reason to the court for his failure to appeal directly from his allegedly illegal sentence. Indeed, in his claim against his appellate attorney, he is mute in that regard. Additionally, he has not, to this date, filed a petition pursuant to Practice Book § 43-22 to correct his sentence. Since 1991, it has become bedrock habeas jurisprudence that in order to be eligible for habeas relief, a petitioner who raises a constitutional claim for the first time in a habeas proceeding must show cause for the failure to raise the claim previously and prejudice resulting from the alleged constitutional violation. See *Johnson* v. *Commissioner of Correction*, supra, 403. Because the petitioner in this instance did not raise the issue of an illegal sentence on direct appeal and has offered no reasonable explanation for that failure, and because he has not sought relief pursuant to Practice Book § 43-22 to correct an allegedly illegal sentence, he is not entitled to habeas consideration of his claim.

The petitioner next claims that his appellate counsel was deficient in failing to seek from our Supreme Court further appellate review of this court's decision on the direct appeal. In assessing the petitioner's claim, the habeas court had the opportunity to review the plea transcript, and the court determined that the sentencing court's canvass was complete and adequate. Additionally, the habeas court heard and credited the testimony of the petitioner's appellate attorney, who opined that there was no reasonable basis on which to seek further

appellate review following this court's judgment on the petitioner's direct appeal.

Our review of the record provides support for the court's determination that appellate counsel was not deficient in his failure to seek further appellate review and that even if counsel had filed in the Supreme Court a petition for certification, there is no reasonable basis to believe that the petition would have been granted. Finally, the record amply supports the habeas court's conclusion that the petitioner failed to demonstrate that he is burdened by an unreliable conviction as a consequence of any deficiencies of counsel. See *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 461, 610 A.2d 598 (1992).

The appeal is dismissed.

In this opinion the other judges concurred.