TOBIAS C. ANDERSON *v.* COMMISSIONER OF
CORRECTION
(AC 29430)

Bishop, DiPentima and Peters, Js.

---

Argued February 9—officially released June 9, 2009

*Tobias C. Anderson*, pro se, the appellant (petitioner).

*Jo Anne Sulik*, senior assistant state's attorney, with whom, on the brief, was *Gail P. Hardy*, state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Tobias C. Anderson, appeals from the judgment of the habeas court dismissing his third amended petition for a writ of habeas corpus. Following its dismissal, the court granted the petition for certification to appeal. On appeal, the petitioner claims that the court improperly (1) denied his petition for a writ of habeas corpus, (2) denied his discovery motions, (3) converted the return of the respondent, the commissioner of correction, into a motion to dismiss, (4) determined that trial counsel was effective and (5) denied the petitioner's motion for summary judgment. We affirm in part and reverse in part the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. The petitioner was convicted, after a jury trial, of kidnapping in the first degree

in violation of General Statutes § 53a-92 (a) (2) (B), attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-134 (a) (3), and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a). The court, *Kline, J.,* sentenced the petitioner to a term of twenty-five years imprisonment to run consecutively to a previously imposed sentence of thirty-five years. The petitioner appealed from his conviction, which our Supreme Court affirmed in *State* v. *Anderson,* 212 Conn. 31, 561 A.2d 897 (1989).

The petitioner sought postconviction relief in five separate actions preceding the present petition.[1] On February 25, 2003, the petitioner filed this action, his fifth petition for a writ of habeas corpus. Subsequently, on April 15, 2004, the petitioner's habeas counsel, attorneys Robert J. McKay and Scott W. Sawyer, amended the petition to make the following allegations: (1) the petitioner was denied the effective assistance of trial

---

[1] In the first action, *Anderson* v. *State,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-88-0344991-S (April 20, 1990), the petition for a new trial was dismissed for failure to offer newly discovered evidence. The petitioner's second postconviction action, *Anderson* v. *State,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-90-0374255-S (December 28, 1989), also a petition for a new trial in which he alleged that his trial counsel, attorney William Hunt, rendered ineffective assistance, was dismissed.

In the third action, *Anderson* v. *Warden,* Superior Court, judicial district of Tolland, Docket Nos. CV-87-0000080-S and CV-87-0000105-S (April 26, 1990), the petitioner's habeas petition alleging that trial counsel had rendered ineffective assistance was again dismissed. In the fourth action, *Anderson* v. *Warden,* Superior Court, judicial district of Tolland, Docket No. CV-88-0000582-S (November 23, 1990), the petitioner alleged that trial counsel had rendered ineffective assistance. The court granted the respondent's motion to quash the petition on the ground that it constituted an abuse of the writ.

In the fifth action, *Anderson* v. *Warden,* Superior Court, judicial district of Tolland, Docket No. CV-94-0001870-S, the petitioner alleged that he was denied the effective assistance of trial and habeas counsel and also alleged judicial misconduct and prosecutorial misconduct. The petitioner withdrew the petition.

and habeas counsel, (2) prosecutorial misconduct, (3) judicial bias and (4) that the cumulative effect of the errors committed by the trial judge, prosecutor and defense counsel prevented the petitioner from receiving a fair and impartial trial. On August 6, 2004, the respondent filed a return asserting, inter alia, that (1) the petitioner's claim that he was denied the effective assistance of trial counsel was a successive petition and, therefore, an abuse of the writ, (2) the petitioner was procedurally defaulted regarding his claims of judicial bias and prosecutorial misconduct, and he could not establish good cause or prejudice sufficient to excuse his failure to have asserted those claims on direct appeal, and (3) the petitioner's claim of "cumulative effect" stemming from a variety of alleged errors failed to state a claim on which relief could be granted. The respondent also filed a motion to dismiss (1) the ineffectiveness claims as successive and because the petitioner failed to state new facts or to proffer new evidence not reasonably available to him at the time of the prior petition alleging ineffectiveness and (2) the cumulative effect claims because they failed to state a claim on which relief may be granted.

In August, 2004, McKay and Sawyer moved to withdraw as the petitioner's counsel due to the deterioration of the attorney-client relationship and their refusal to litigate claims that they deemed frivolous. This motion was granted. Attorney Justine F. Miller, who thereafter was appointed to represent the petitioner, filed an amended petition on August 1, 2005. The respondent once more moved to dismiss the petitioner's ineffective assistance claims as successive. On January 11, 2006, the court granted the respondent's motion.

Subsequently, the petitioner moved for the appointment of new counsel, claiming that Miller had failed to pursue all of his claims adequately. Miller also moved to withdraw. On January 17, 2006, the court denied

the petitioner's motion and granted Miller's motion to withdraw. The court further found that the petitioner had forfeited his right to court-appointed counsel.

On November 14, 2006, the petitioner, proceeding pro se, filed a thirty-seven count, third amended petition. Counts one through fourteen alleged judicial misconduct, counts fifteen through twenty-one alleged prosecutorial misconduct, and counts twenty-two through thirty-seven[2] alleged ineffective assistance of trial and habeas counsel. The respondent filed a return seeking a dismissal of all counts and raising the affirmative defenses that the petitioner's judicial and prosecutorial misconduct claims were procedurally defaulted, the claims against trial counsel were successive and the claim against habeas counsel failed to state a claim on which relief may be granted. The petitioner filed a reply denying that he was procedurally defaulted on any claims and stating that his claims were not successive.

On August 29, 2007, the petitioner filed a motion for summary judgment regarding his ineffective assistance of counsel and judicial misconduct claims. The respondent objected to the petitioner's motion and sought summary judgment in her favor on all claims pursued by the petitioner relating to the disqualification of the trial judge.

On November 19, 2007, the court, *Hon. Anthony V. DeMayo*, judge trial referee, issued a decision denying the petition. The court concluded that (1) the petitioner's reply to the respondent's return did not comply with Practice Book § 23-31 (c),[3] and, thus, he was procedurally defaulted from asserting his claims of judicial

---

[2] During a hearing on September 12, 2007, the petitioner withdrew count thirty-seven of the amended petition, which alleged that Miller had rendered ineffective assistance.

[3] Practice Book § 23-31 (c) states: "The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition."

and prosecutorial misconduct set forth in counts one through twenty-one, (2) counts fourteen and twenty-one, regarding the petitioner's cumulative error claim, were not claims on which habeas relief could be granted and (3) counts twenty-two through thirty-six were successive petitions. On November 27, 2007, the court granted the petitioner certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

As a prelude to analyzing the petitioner's claims, we set forth our standard of review for a dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 107 Conn. App. 833, 838, 947 A.2d 7, cert. denied, 288 Conn. 908, 953 A.2d 652 (2008).

I

The petitioner first claims that the court improperly denied his petition for a writ of habeas corpus. Specifically, he argues that the court improperly (1) determined that his reply to the respondent's return was not in compliance with Practice Book § 23-31 (c), (2)

determined that he was procedurally defaulted from asserting the claims set forth in counts one through twenty-one of his petition, (3) determined that counts fourteen and twenty-one failed to state claims on which relief could be granted and (4) determined that counts twenty-two through thirty-six of the petition were successive.

## A

The petitioner first argues that the court improperly determined that his reply to the respondent's return was not in compliance with Practice Book § 23-31 (c). He argues, alternatively, that he was not required to comply with Practice Book § 23-31 (c) because his third amended petition asserts facts that establish cause and prejudice regarding his failure to make certain claims on direct appeal. We do not agree.

The following additional facts are necessary for our discussion of this issue. In his third amended petition, the petitioner alleged that his claims of judicial misconduct, prosecutorial misconduct and ineffective assistance of counsel, as well as the cumulative effect of those errors, met and overcame both the cause and prejudice standard and the respondent's affirmative defense of procedural default, thereby permitting review of his claims. In short, the petitioner appears to have claimed that because he stated in his petition that he should not be procedurally defaulted, that conclusionary assertion, by itself, was adequate to avoid being procedurally defaulted. The respondent claimed in her amended return that the petitioner's allegation of good cause to excuse his procedural default failed to comply with Practice Book § 23-31 (c) because the petitioner failed to file a reply that set forth a factual basis to avoid being procedurally defaulted.

In the petitioner's reply to the respondent's return, he simply denied that he defaulted on any claims and

asserted that the respondent failed to prove that he was defaulted. The petitioner further stated that "[Practice Book] § 23-31 (c) does not permit restating in the reply facts outlined in the complaint. To overcome all claimed procedural defaults by [the] respondent, [the] petitioner relies on his third amended complaint . . . in full, and in this reply." From this pleading, it appears that the petitioner believed that by claiming in his petition that he was not procedurally defaulted, he was thereby excused from setting forth facts in his reply to the respondent's return sufficient· to establish cause and prejudice. The court, nevertheless, concluded that the petitioner's reply failed to comply with Practice Book § 23-31 (c). We agree.

Our review of the petitioner's claim is guided by the following principles. "The petition is in the nature of a pleading, and the return is in the nature of an answer." *Martinez* v. *Commissioner of Correction*, 105 Conn. App. 65, 70, 936 A.2d 665 (2007), cert. denied, 285 Conn. 917, 943 A.2d 475 (2008). "[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the [habeas] court's interpretation of the pleadings therefore is plenary. . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the [petition] is insufficient to allow recovery." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 669, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007).

"When a respondent seeks to raise an affirmative defense of procedural default, the rules of practice require that he or she must file a return to the habeas petition 'alleg[ing] any facts in support of any claim of procedural default . . . or any other claim that the petitioner is not entitled to relief.' Practice Book § 23-30 (b). 'If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.' Practice Book § 23-31 (a). 'The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default.' Practice Book § 23-31 (c)." *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 567, 941 A.2d 248 (2008).

"The appropriate standard for reviewability of [a procedurally defaulted claim] . . . is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . .

"Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Citation omitted; internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489–90, 944 A.2d 340 (2008).

In the present case, the petitioner asserts that his petition alleges cause and prejudice by way of his judicial misconduct, prosecutorial misconduct and ineffective assistance of trial and habeas counsel claims and

that Practice Book § 23-31 (c) prohibited him from repeating those claims in his reply because that provision states that "[t]he reply shall not restate the claims of the petition." He contends, therefore, that both the court and the respondent incorrectly interpreted Practice Book § 23-31 (c) as requiring him to allege directly facts and to assert the basis for his claim of cause and prejudice in the reply.

The petitioner's claim lacks merit. Practice Book § 23-31 (c) explicitly requires a petitioner to assert facts and any cause and prejudice that would permit review of an issue despite a claim of procedural default. See Practice Book § 23-31 (c). Although that provision states that "[t]he reply shall not restate the claims of the petition," it does not relieve the petitioner of his obligation with respect to the contents of a reply.[4] "[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard. . . . A court will not reach the merits of the habeas claim when the petitioner fails to make the required showing." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 568. The petitioner's reply fails to allege any facts or assert any cause and resulting prejudice to permit review of his claims. He simply relies on the allegations raised in his amended petition, which are equally as vague and fail to articulate

[4] We note as well that in the amended petition, although the petitioner makes the assertion that he is not procedurally defaulted, he fails, completely, to set forth any facts that would warrant a conclusion that he should not be procedurally defaulted. Thus, we do not confront a case in which a pro se litigant has set forth an adequate basis to elude procedural default, albeit in the wrong format.

with sufficient specificity what the court, the prosecutor or trial counsel did to prevent him from raising those claims at trial or on direct appeal.

We conclude, therefore, that the court properly determined that the petitioner failed to comply with Practice Book § 23-31 (c).

B

The petitioner next contends that because the respondent failed to prove essential facts in support of her affirmative defense of procedural default, the court improperly relied on the respondent's allegations as a basis for denying his third amended petition.[5] We disagree.

The following additional facts aid our discussion. Counts one through fourteen of the petitioner's amended petition alleged judicial misconduct and counts fifteen through twenty-one alleged prosecutorial misconduct. The respondent alleged in her amended

[5] The petitioner additionally argues that the respondent failed to identify the basis for her claim of procedural default. In sum, it appears that the petitioner is claiming that the respondent had the duty, in her return, to set forth, with specificity, the claims he should have made at trial and in his direct appeal to escape procedural default.

This court has found that this is not the respondent's burden. See *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 824–25, 717 A.2d 763 ("We agree with the habeas court that '[i]f [it] accepted the petitioner's assertion that procedural default operates only when a trial defendant has violated a mandatory rule of procedure, then it would be wise for defendants, whose trials are running afoul, to forbear making claims or objections intended to right the trial process, knowing that they may thereby be precluded from review on direct appeal, in the expectation that their constitutional claims may be aired for the first time at a habeas trial, the timing of which is not prescribed by any statute of limitations. To make review available under such circumstances would not only demean the Great Writ but would render less meaningful trial court procedural rules intended to enhance the orderliness of trial proceedings, to safeguard the fairness of the process and to provide a framework for appellate review.' "), cert. denied, 247 Conn. 920, 722 A.2d 810 (1998).

return that the petitioner could not obtain habeas corpus review of these claims because, although the petitioner could have raised these claims at trial or on direct appeal, he did not do so. The respondent alleged, therefore, that the claims were procedurally defaulted. The respondent further argued that the petitioner could not establish cause and actual prejudice sufficient to excuse his procedural default and to permit review of those claims.

The court dismissed counts one through twenty-one, concluding that "[t]hese counts deal with a series of alleged errors by the judge who presided over the criminal trial and include the court's 'conflict of interest,' its 'personal interest' in the case, the court's failure to inquire into conflict between the petitioner and counsel, the court's lack of neutrality when it issued a search warrant, a failure to comply with Practice Book § 892 (the court assumes this refers to § 42-46, '[Control of Judicial Proceedings] Restraint of Disruptive Defendant,') the court's lack of impartiality at sentencing, that the court actively participated in plea negotiations, the [judge] failed to disqualify himself, and, the court rendered the petitioner's trial and appellate counsel ineffective. . . . [T]he court notes that standing alone, these allegations do not state a claim on which habeas corpus relief may be granted. . . . These claims were not raised at trial or on direct appeal, and it must follow that in view of the court's conclusion as to Practice Book § 23-31 . . . all [twenty-one] counts are procedurally defaulted."

The petitioner asserts, albeit in a circular and conclusory fashion, that he did not raise claims of judicial and prosecutorial misconduct at trial or on appeal due to judicial and prosecutorial misconduct and ineffective assistance of counsel. He provides no factual basis for these assertions, nor does he provide any reasoning from which a fact finder could conclude that he had

been prevented by any cause from asserting his claims on direct appeal. See *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 568. Instead, he appears to rely on his view that once the respondent raised the claim of procedural default, she had the burden of establishing, with particularity, the means and avenues that were available in the petitioner's criminal trial and on direct appeal to assert these alleged trial improprieties. The petitioner is incorrect.

Practice Book § 23-30 provides in relevant part that "(a) [t]he respondent shall file a return to the petition setting forth the facts claimed to justify the detention and attaching any commitment order upon which custody is based. (b) The return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default . . . ."

Our review of the record reveals that the return responded to all of the counts raised in the petitioner's amended petition and that it asserted that counts one through twenty-one were procedurally defaulted because, although the petitioner could have raised these claims at trial, he did not do so. We conclude, therefore, that the respondent fully complied with Practice Book § 23-30. Moreover, the respondent was under no additional burden to identify facts in the record to support a direct appeal; rather, once the respondent raised the issue of procedural default, it was the responsibility of the petitioner to set forth facts and cause sufficient to permit review of his claims.

"Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Citation omitted; internal

quotation marks omitted.) *Council* v. *Commissioner of Correction*, supra, 286 Conn. 489–90.

Accordingly, we conclude that the court properly dismissed counts one through twenty-one on the basis of procedural default.

## C

The petitioner next asserts that the court improperly determined that counts twenty-two through thirty-six, which alleged ineffective assistance of trial counsel, were successive. We agree with the petitioner only as to counts twenty-six and thirty-five of the third amended petition.

The following additional facts are relevant to our discussion of this issue. On January 11, 2006, the court granted the respondent's motion to dismiss the petitioner's ineffective assistance of trial counsel claims on the ground that they were successive. Subsequently, the petitioner filed his third amended petition, again, alleging ineffective assistance of trial counsel. The respondent alleged in her return that "[i]n four of his five prior collateral attacks on his conviction, the petitioner has alleged that he was denied the effective assistance of counsel in the underlying criminal matter . . . ." The respondent further noted that the petitioner's ineffectiveness claims violated Practice Book § 23-29 (3)[6] because they presented the same grounds as his previously denied petitions and failed to state new facts or to proffer new evidence not reasonably available at the time of the prior petitions.

---

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

In his reply, the petitioner denied that his claims fell within Practice Book § 23-29 (3) because, inter alia, (1) his third amended petition alleged new facts and evidence not reasonably available at the time of the prior petition, (2) he sought different relief, and (3) Practice Book § 23-29 (3) did not apply to petitions for a new trial.

In its memorandum of decision, the court noted that "[c]ounts twenty-two through thirty-six are ineffective assistance of counsel claims. Some counts are repetitious of counts treated [previously], with counsel now being substituted as transgressor for the trial judge or the prosecutor in some instances.

"The respondent has interposed the defense of successive petition, relying on Practice Book § 23-29 (3). This section permits dismissal if it is determined that 'the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition' . . . .

"Specifically, the respondent cites five separate cases brought by this petition. In four cases, allegations of ineffective assistance of trial counsel were alleged. No case was successful, with four being dismissed and one withdrawn. Another petition for a new trial was also dismissed, with the court finding the 'evidence' offered by the petitioner was not 'newly discovered' and [that] even if the petition were granted, the result of the trial would not have been changed."

The court concluded that "[t]he petitioner has not responded to this defense and has failed to rebut the respondent's claims or indicated in any meaningful way that Practice Book § 23-29 (3) is not applicable."

"We recently explained that Practice Book § 23-29 provides in relevant part: The judicial authority may,

at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or [to] proffer new evidence not reasonably available at the time of the prior petition . . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 305–306, 950 A.2d 619 (2008).

Our thorough review of the record reveals that counts twenty-one through twenty-five, twenty-seven through thirty-four and thirty-six are successive petitions because they are premised on the ineffective assistance of counsel, which is the same legal ground that was raised in four of the petitioner's previous petitions. Specifically, these counts allege that trial counsel deprived the petitioner of a "fair trial, sentencing and appeal, all of which would have had a different outcome absent [trial counsel's] misconduct." The petitioner raised claims against trial counsel premised on the same grounds in previous habeas proceedings. Additionally, despite the petitioner's contention otherwise, these claims are not supported by allegations and facts that were not reasonably available to the petitioner at the time of the original petition, nor did he offer new evidence in his third amended petition to support these claims.

The petitioner did, however, assert different grounds for relief in counts twenty-six and thirty-five. In count twenty-six, the petitioner alleged that trial counsel's performance was deficient for failing to file an application for sentence review and requests the restoration of his sentence review rights. This is the first time that the petitioner raised this claim. We conclude that because this claim states a ground for relief different from that raised in previous petitions, the petitioner is entitled to a hearing on this count. See *Carter* v. *Commissioner of Correction*, supra, 109 Conn. App. 306.

Additionally, in count thirty-five, the petitioner alleged that habeas counsel, attorney David A. Dee, rendered ineffective assistance. Because this is the first time that the petitioner raised this claim, he is entitled to a hearing. "[A] person convicted of a crime is entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas corpus proceeding rendered ineffective assistance." (Internal quotation marks omitted.) *Stevenson* v. *Commissioner of Correction*, 112 Conn. App. 675, 684, 963 A.2d 1077, cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009). We conclude, therefore, that the petitioner is entitled to a hearing on this count.

D

The petitioner next argues that the court improperly determined that counts fourteen and twenty-one failed to state a claim on which relief may be granted. In those counts, the petitioner alleged that the cumulative effect of impropriety by the trial court and the prosecutor deprived him of a fair trial, sentencing and appeal. Our Supreme Court rejected a similar argument in *State* v. *Robinson*, 227 Conn. 711, 746–47, 631 A.2d 288 (1993), and, therefore, we reject the petitioner's claim in the present case. As explained in *Robinson*, the court "decline[d] to create a new constitutional claim in

which the totality of alleged constitutional error is greater than the sum of its parts." (Internal quotation marks omitted.) Id., 747. We conclude therefore that because we have found no erroneous factual, evidentiary or legal errors, the combined claims cannot give rise to a constitutional violation. See also *State* v. *Epps*, 105 Conn. App. 84, 98, 936 A.2d 701 (2007) ("three evidentiary claims aggregated do not rise to the level of a deprivation of the defendant's constitutional rights"), cert. denied, 286 Conn. 903, 943 A.2d 1102 (2008); *Henderson* v. *Commissioner of Correction*, 104 Conn. App. 557, 567, 935 A.2d 162 (2007) (court refused to accept petitioner's cumulative effect argument), cert. denied, 285 Conn. 911, 943 A.2d 470 (2008).

## II

The petitioner next claims that the court abused its discretion in denying his discovery motions seeking information material to his claims of judicial and prosecutorial misconduct as well as information regarding witness testimony. We note that the petitioner's brief provided no authority and engaged in no analysis demonstrating an entitlement to the information that he sought. Rather, the petitioner simply listed his discovery motions in various footnotes and described how his trial counsel failed to act aggressively to discover witness testimony or information from the respondent. "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *State* v. *Linarte*, 107 Conn. App. 93, 104–105 n.6, 944 A.2d 369, cert. denied, 289 Conn. 901, 957 A.2d 873 (2008). Moreover, "[a]lthough we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the

same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *State v. Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007). We decline, therefore, to review the petitioner's claim and deem it abandoned.

### III

The petitioner next claims that the court improperly converted the respondent's amended return into a motion to dismiss. Specifically, he argues that (1) he was never informed that the respondent's amended return would be treated as a motion to dismiss, thereby affording him the opportunity to file an objection or otherwise to respond to it, (2) the amended return did not prove any basis for dismissing the third amended petition and (3) there was no legal basis for converting the amended return into a motion to dismiss. We are not persuaded.

Our careful review of the record reveals that the petitioner's claim is without merit. During a hearing on September 12, 2007, the court stated on the record that it would treat the respondent's amended return as a motion to dismiss and that the petitioner had until October 8, 2007, to respond to the motion. Additionally, on November 28, 2007, the court stated in its articulation of its memorandum of decision that "[a]s the petitioner was advised in open court, the respondent's return contained a motion to dismiss, and the petitioner was afforded the opportunity to respond to it. He did so." Furthermore, pursuant to Practice Book § 23-29, "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (5) [a] legally sufficient ground for dismissal of the petition exists."

We conclude, therefore, that the court acted within its authority and provided the petitioner with sufficient

notice that it would treat the amended return as a motion to dismiss.

## IV

The petitioner next claims that the court improperly determined that trial counsel rendered effective assistance. We agree with the court's conclusion that these claims already had been litigated in prior petitions and that this petition was successive. Accordingly, it was unnecessary for the court to reach the substance of these claims. Correspondingly, there is no need for us to engage in further review of them on the merits.[7]

## V

The petitioner finally claims that the court improperly denied his motion for summary judgment. Specifically, he argues that he was entitled to summary judgment because there are no genuine issues of material fact as to trial counsel's rendering of ineffective assistance by failing to raise various claims of judicial misconduct. Given the reasoning and substance of the balance of this opinion, this claim warrants scant review. Additionally, the petitioner has failed to provide any meaningful record regarding this claim.

The court denied the petitioner's motion for summary judgment without further explanation, and the petitioner did not seek an articulation of that order. "[I]t

---

[7] We note that the court further ordered that "henceforth, this petitioner be and hereby is precluded from filing any further suits, petitions, including habeas corpus petitions, and new trial applications directed at his 1987 criminal convictions without first obtaining permission from the administrative judge of the judicial district in which he seeks to proceed.

"This drastic step is deemed necessary to avoid further abuse of the court system by this petitioner, who appears incapable of accepting court decisions.

"He should not be permitted to continue his harassment of persons he perceives to be witnesses, and the resources of the state's attorney should not be dissipated defending against these multicount, groundless repetitive attacks."

is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 106 Conn. App. 342, 345, 942 A.2d 438, cert. denied, 289 Conn. 901, 957 A.2d 875 (2008). Because the record is devoid of any findings or analysis regarding the court's decision to deny the petitioner's motion, and because the petitioner did not seek an articulation, we are prevented from reviewing the merits of his claim without conjecture or speculation. This we will not do. See *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 342–43, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006).

The judgment is reversed only as to counts twenty-six and thirty-five and the case is remanded for further proceedings on those counts in accordance with law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.