******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN BREWER *v.* COMMISSIONER OF CORRECTION
(AC 36746)

Gruendel, Alvord and West, Js.

*Argued October 22—officially released December 22, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Kwak, J.)

*Elio C. C. Morgan*, assigned counsel, for the appellant (petitioner).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, John Brewer, appeals from the judgment of the habeas court dismissing three counts of his petition for a writ of habeas corpus and denying certification to appeal from that decision. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal and (2) violated his due process rights guaranteed under the Connecticut and United States constitutions by dismissing his claims without an evidentiary hearing.[1] We dismiss in part and reverse in part the judgment of the habeas court.

The petitioner's incarceration is a result of his 2004 convictions of murder in violation of General Statutes § 53a–54a (a) and criminal possession of a firearm in violation of General Statutes § 53a–217 (a) (1). He received a total effective sentence of sixty years in prison. In 2007, the Connecticut Supreme Court affirmed his conviction. *State* v. *Brewer*, 283 Conn. 352, 353, 927 A.2d 825 (2007).

The petitioner filed his first petition for a writ of habeas corpus in 2006 and amended it in 2009. The petitioner argued that his trial counsel had been ineffective. Specifically, he claimed that counsel: had not presented an alibi defense; requested, without the petitioner's permission, that the court instruct the jury on a lesser included offense; and had not entered letters into evidence that allegedly showed a state's witness had agreed to testify favorably in exchange for consideration in his own criminal case. The habeas court, *Fuger, J.*, denied the petition for a writ of habeas corpus and also denied certification for appeal. This court dismissed the petitioner's appeal of the habeas court's judgment. *Brewer* v. *Commissioner of Correction*, 133 Conn. App. 904, 34 A.3d 480, cert. denied, 304 Conn. 910, 39 A.3d 1121 (2012).

In 2010, the petitioner filed his second petition for a writ of habeas corpus, and later amended that petition in June, 2013. The amended petition raised four counts: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) prosecutorial impropriety, and (4) ineffective assistance of prior habeas counsel. On September 9, 2013, the habeas court, *Kwak, J.*, conducted a habeas trial. The court dismissed counts one and four, ineffective assistance of trial counsel and ineffective assistance of prior habeas counsel, on two grounds: failure to state a claim upon which habeas relief could be granted in accordance with Practice Book § 23-29 (2) and res judicata in that the claim and underlying principles raised were litigated previously with adverse final judgments. Count three, prosecutorial impropriety, was also dismissed for a failure to comply with Practice Book § 23-29 (2) as well as procedural default per Practice Book § 23-31 (a). On

the second count, ineffective assistance of appellate counsel, the habeas court held an evidentiary hearing and denied the petition. Following the hearing, the habeas court denied the petitioner's petition for certification to appeal. This appeal of the habeas court's judgment on the second habeas petition followed.

The petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal. The petitioner argues that the habeas court erred by dismissing his claims of ineffective assistance of trial counsel, prosecutorial impropriety, and ineffective assistance of first habeas counsel.[2] We conclude that the habeas court properly dismissed the claims of ineffective assistance of trial counsel and prosecutorial impropriety. The respondent, the Commissioner of Correction, concedes and we agree that the habeas court erred by denying the petitioner an evidentiary hearing on his claim that prior habeas counsel was ineffective for not raising the claim of ineffective assistance of trial counsel.

"We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52–470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; internal quotation marks omitted.) *Atkins* v. *Commissioner of Correction*, 158 Conn. App. 669, 674–75, 120 A.3d 513, cert. denied, 319 Conn. 932,    A.3d    (2015).

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 784, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).

I

First we address the petitioner's claim of ineffective assistance of trial counsel. The habeas court dismissed this claim under the doctrine of res judicata.[3] To determine whether the habeas court's denial of certification to appeal was an abuse of discretion, we must review the petitioner's underlying claim of ineffective assistance of trial counsel. *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 228, 965 A.2d 608 (2009). "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy two requirements. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Internal quotation marks omitted.) *Talton* v. *Commissioner of Correction*, 155 Conn. App. 234, 240, 110 A.3d 434 (2015).

The doctrine of res judicata applies to habeas corpus proceedings that include constitutional claims as long as the claims have been previously raised and litigated. *Pierce* v. *Commissioner of Correction*, 158 Conn. App. 288, 307, 118 A.3d 640 (2015). "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in

the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 161 Conn. App. 253, 266,      A.3d      (2015).

Practice Book § 23-29 adopts this concept by authorizing the habeas court to dismiss claims that have been previously litigated even though the claims are supported by a different set of facts.[4] "[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, supra, 114 Conn. App. 794.

In his first petition for a writ of habeas corpus, the petitioner claimed that his trial counsel had been ineffective. The first habeas court held an evidentiary hearing and denied the writ of habeas corpus. In this second petition for a writ of habeas corpus, the petitioner again claims that his trial counsel was ineffective; the identical legal claim as was raised in his first habeas petition. The petitioner offers new reasons why trial counsel was ineffective; he claims counsel failed to investigate and request a hearing as to whether the state had agreements for consideration in sentencing with three adverse witnesses, to object to admitted evidence that constituted prior inconsistent statements, to adequately develop a theory of third party culpability, and to offer testimony from a crime scene reconstruction expert.

In his responsive pleading, the commissioner claimed that res judicata barred the petitioner from arguing ineffective assistance of trial counsel. In reply, the petitioner offered no explanation why his new allegations as to the performance of trial counsel were not reasonably available to him at the time of the first petition. "[A]n applicant must . . . show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Emphasis omitted; internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 190, 908 A.2d 581 (2006). The second habeas court was within its discretion to dismiss the claim. As such, we conclude that the habeas court did not abuse its discretion by denying the petitioner certification to appeal this claim.

## II

The petitioner's third claim, prosecutorial impropriety, was dismissed by the habeas court because of procedural default.[5] Procedural default presents a question of law over which we exercise plenary review. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). If a claim was not properly pursued at trial or on direct appeal, then habeas corpus review is not available unless the petitioner can make both a showing of cause for his failure to raise the claim and also a showing of actual prejudice. See *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 131–32, 629 A.2d 413 (1993). "This [procedural] rule promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 696, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007).

"A respondent seeking to raise an affirmative defense of procedural default must file a return to the habeas petition responding to the allegations of the petitioner and alleg[ing] any facts in support of any claim of procedural default . . . . Only after the respondent raises the defense of procedural default in accordance with § 23–30 (b) does the burden shift to the petitioner to allege and prove that the default is excused." (Citations omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 175–76, 982 A.2d 620 (2009). Bearing this burden, the petitioner must demonstrate good cause and actual prejudice. *Zabian* v. *Commissioner of Correction*, 115 Conn. App. 144, 152, 971 A.2d 822 (2009). "Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, supra, 114 Conn. App. 787.

In his second petition for a writ of habeas corpus, the petitioner alleged that in exchange for testimony adverse to the petitioner, the state had agreed to give favorable sentencing consideration to several key witnesses and knowingly withheld that information from the petitioner. The petitioner conceded that he had not

raised this claim at his trial or on direct appeal. In his return, the commissioner raised the defense of procedural default because these claims had not been raised at the appropriate time. Accordingly, the burden shifted to the petitioner to prove why the default should be excused. In his reply, regarding why the claim of prosecutorial impropriety was not raised at his trial or on direct appeal, the petitioner did not make any showing of good cause and actual prejudice. Instead, he faulted his first habeas counsel for not raising the claim at his first habeas trial. "[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 568. Thus, the focus is not on habeas counsel, but rather, what caused trial counsel to not comply with the state's procedural rules. The petitioner made no such showing.

The petitioner instead argues that because his claim in this second habeas petition implicates a violation of constitutional protections, the ordinary rules of procedural default do not apply. However, constitutional claims do not receive such special relief: "Habeas, as a collateral form of relief, is generally available to litigate constitutional issues only if a more direct route to justice has been foreclosed through no fault of the petitioner. . . . Since 1991, it has become bedrock habeas jurisprudence that in order to be eligible for habeas relief, a petitioner who raises a constitutional claim for the first time in a habeas proceeding must show cause for the failure to raise the claim previously and prejudice resulting from the alleged constitutional violation." (Citation omitted.) *Tart* v. *Commissioner of Correction*, 94 Conn. App. 134, 139, 892 A.2d 298, cert. denied, 278 Conn. 904, 896 A.2d 106 (2006). The petitioner did not show good cause or actual prejudice to overcome the burden to rebut the commissioner's defense of procedural default. The habeas court properly dismissed this claim. There was no abuse of discretion in denying the petitioner certification to appeal.

### III

The commissioner concedes that part of the petitioner's fourth claim, ineffective assistance of prior habeas counsel, was improperly dismissed.[6] The petitioner argued that prior habeas counsel was ineffective because he did not raise several issues in the first petition for a writ of habeas corpus. Specifically, the petitioner alleges that prior habeas counsel did not raise all available claims of ineffective assistance of trial counsel

and also failed to raise claims of ineffective assistance of appellate counsel and prosecutorial impropriety. We conclude that the habeas court improperly dismissed the petitioner's claim of ineffective assistance of prior habeas counsel for failing to raise the claim of ineffective assistance of trial counsel. The petitioner's other claims were properly dismissed because elements necessary to both claims were adjudicated by the first habeas court.

Our Supreme Court has concluded that a petitioner has a right to effective habeas counsel. *Lozada* v. *Warden*, 223 Conn. 834, 838, 613 A.2d 818 (1992). When a claim of ineffective assistance of habeas counsel is brought for the first time, it is not subject to dismissal on grounds of res judicata. See *Kearney* v. *Commissioner of Correction*, supra, 113 Conn. App. 238. "The teaching of *Lozada* is that a habeas petitioner is entitled to make a claim that he or she was deprived of effective habeas counsel in a prior petition, and the petitioner is entitled to advance this claim in an evidentiary proceeding. Regardless of the difficult burden undertaken by a habeas petitioner who claims the ineffective assistance of habeas counsel, such a claim is not subject to dismissal on the ground that an earlier habeas petition that was based on the ineffectiveness of trial counsel had been unsuccessful." Id., 239.

This second habeas proceeding was the first time the petitioner had raised the claim of ineffective assistance of prior habeas counsel. The commissioner concedes that the petitioner was entitled to an evidentiary hearing as to whether prior habeas counsel was ineffective by not raising additional claims of ineffective assistance of trial counsel, and we agree. Previously in this opinion, we concluded that the habeas court properly dismissed the petitioner's claim of ineffective assistance of trial counsel because it had already been litigated in the first habeas trial. This ruling does not preclude the possibility that prior habeas counsel was ineffective as to how that claim was litigated in the first habeas proceeding. "Although the petitioner must, by necessity, repeat his allegations of trial counsel's inadequacy, there may never have been a proper determination of that issue in the first habeas proceeding because of the allegedly incompetent habeas counsel. The claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 108 Conn. App. 201, 207, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008). The habeas court abused its discretion by denying the petitioner certification to appeal from the dismissal of this claim because the petitioner raised a question that is adequate to deserve encouragement to proceed further. We remand this issue to the habeas court for an evidentiary hearing.

The petitioner's other claims of ineffective assistance of prior habeas counsel are precluded because essential elements of those claims were adjudicated during the second habeas trial. First, the commissioner argues that because the habeas court determined that the petitioner's claim of prosecutorial impropriety was procedurally defaulted, the petitioner could similarly not succeed on subsequent habeas counsel's failure to raise the same issue. As addressed previously in this opinion, the petitioner must show good cause and actual prejudice to overcome the state's defense of procedural default. *Anderson* v. *Commissioner of Correction*, supra, 114 Conn. App. 787. In his current petition for a writ of habeas corpus, the petitioner has been unable to show any good cause or actual prejudice to allow the claim of prosecutorial impropriety to be reviewed. "The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, supra, 108 Conn. App. 207. Because the petitioner cannot prove the underlying claim, the allegation that habeas counsel was ineffective for not raising the same claim cannot prevail. We agree with the commissioner that this claim was properly dismissed. Thus, the habeas court did not abuse its discretion by denying certification to appeal this claim.

Finally, the commissioner also argues that the petitioner is foreclosed from an evidentiary hearing as to whether his prior habeas counsel was ineffective for not raising a claim of ineffective assistance of appellate counsel. As with the previous claim, this issue was effectively decided because the second habeas court adjudicated the underlying claim of ineffective assistance of appellate counsel. The habeas court held an evidentiary hearing to determine if appellate counsel had been ineffective. Ultimately, the court denied the petitioner's claim on the merits and the petitioner has not challenged that judgment. "To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his . . . counsel was ineffective. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. . . . Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial." (Internal quotation marks omitted.) Id., 206–207. Because the habeas court held an evidentiary hearing and denied the petitioner's claim of ineffective assistance of appellate counsel, the "herculean task" could not be accomplished. The habeas court properly dismissed the claim and therefore properly denied certification to appeal.

The judgment is reversed only as to the claim of ineffective assistance of prior habeas counsel for failing to raise certain claims of ineffective assistance of trial counsel, and the case is remanded for further proceedings in accordance with law. The appeal is dismissed in all other respects.

In this opinion the other judges concurred.

[1] Our resolution of the petitioner's second claim is controlled by our discussion of the first claim that addresses whether the habeas court properly dismissed the petitioner's habeas petition.

[2] The petitioner has not challenged the habeas court's ruling that denied certification to appeal from the habeas court's judgment denying the claim of ineffective assistance of appellate counsel.

[3] During the habeas trial, the court ruled from the bench dismissing count one under the doctrine of res judicata. Following the hearing, the court issued a written order reiterating this ruling, but also adding that the petitioner failed to state a claim upon which habeas corpus relief could be granted, citing Practice Book § 23-29 (2). Because we find that the habeas court properly dismissed the claim under the doctrine of res judicata, we do not reach the court's additional ground for dismissal.

[4] Practice Book § 23-29 states in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[5] During the habeas trial, the court ruled from the bench that count three had been dismissed for procedural default. Following the hearing, the court issued a written order repeating the dismissal for procedural default, but also adding that the petitioner failed to state a claim upon which habeas corpus relief could be granted under the authority of Practice Book § 23-29 (2). Because we find that the habeas court properly dismissed the claim as procedurally defaulted, we do not reach the court's additional ground for dismissal.

[6] The habeas court ruled from the bench that the claim was dismissed for procedural default and res judicata. However, the court's written order dismissing the claim did not list procedural default as a ground for dismissal. Instead, the order cited the grounds for dismissal as res judicata and Practice Book § 23-29 (2), failure to state a claim upon which habeas corpus relief could be granted.

───────────────────────